UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

SPYROS PANOS,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2022

13 CR 00800 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge,

      On March 7, 2014, the Court sentenced Defendant Spyros Panos ("Defendant") to fifty-four (54) months' imprisonment and two (2) years' supervised release, in addition to ordering a forfeiture of $5,000,000, after Defendant entered a guilty plea for Health Care Fraud in violation of 18 U.S.C. § 1347. (ECF No. 15.) Subsequently, on July 17, 2018, the United States District Court Southern District of New York Probation Department filed a violation report (the "Report") detailing three violation circumstances (the "Specifications") (which are described in full, *infra*) for alleged criminal conduct that Defendant committed during his term of supervised release. (ECF No. 35.) The Court arraigned Defendant on the Specifications on July 26, 2018. (Minute Entry dated July 26, 2018.) On November 30, 2022, Defendant was found guilty of the charges on which the Specifications were based in a parallel criminal proceeding (7:18-cr-00581 (KMK)) before United States District Judge Kenneth M. Karas ("Judge Karas"). (Minute Entry dated November 30, 2022.)

      On December 14, 2022, Defendant appeared before the Court at a hearing for a revocation of supervised release (the "Hearing") in connection with the Specifications. Following the Hearing, the Court found Defendant guilty by a preponderance of the evidence

of the Specifications and sentenced Defendant to twelve (12) months' imprisonment, to be served consecutively with the 111 months' imprisonment Judge Karas imposed, as well as to two (2) years' supervised release, to be served concurrently with the three (3) years' supervised release Judge Karas imposed. As the Court's sentence represents a two (2) month variance of the applicable Sentencing Guidelines (the "Guidelines") for the three violation circumstances of which the Court found Defendant guilty by a preponderance of the evidence (i.e., 4-10 months' imprisonment) (Report, at 3), the Court will now explain in detail the reasons for this variance. *See United States v. Chandler*, 543 F. App'x 78, 80–82 (2d Cir. 2013) (noting that, for purposes of a sentencing for a defendant's violation of supervised release, a district court must state "with specificity" and in writing, "the specific reason for the imposition of a sentence different from [the Guidelines sentence]") (citing 18 U.S.C. § 3553(c)(2)).

## DISCUSSION

### A. The Government Proved by a Preponderance of the Evidence that Defendant Was Guilty of the Three Violation Circumstances Alleged

During the Hearing, the Government presented evidence that demonstrated by a preponderance of the evidence that Defendant was guilty of each of the Specifications, which are stated as follows:

- On or about September 2013 through October 2017, in the Southern District of New York, SPYROS PANOS committed a federal crime, Wire Fraud in violation of 18 U.S.C. § 1343, a Class B Felony, in that the Defendant Panos did knowingly and willfully, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate

and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice.

- On or about September 2013, through October 2017, in the Southern District of New York, SPYROS PANOS committed a federal crime, Health Care Fraud in violation of 18 U.S.C. § 1347, a Class D Felony, in that Defendant Panos did knowingly and willfully, execute and attempt to execute a scheme and artifice to defraud a Health Care Benefit program and to obtain money and property owned by, or under the custody and control of a health care benefit program, by means of false and fraudulent pretenses, representations and promises, money and property owned by, or under the custody and control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items and services.

- On or about September 2013, through October 2017, in the Southern District of New York, SPYROS PANOS committed a federal crime, Aggravated Identity Theft in violation of 18 U.S.C. § 11028A, a Class E Felony, in that Defendant Panos knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of Health Care Fraud and/or Wire Fraud. (Report, at 3.)

Specifically, the Government offered three exhibits[1] that together established Defendant's guilt by a preponderance of the evidence. The exhibits demonstrated that, on October 29, 2020, Defendant pled guilty to all three charges of a three-count indictment before Judge Karas; these charges were Wire Fraud in violation of 18 U.S.C. § 1343, Health Care Fraud in violation of 18 U.S.C. § 1347, and Aggravated Identity

---

[1] The three exhibits offered were: (1) the indictment in the parallel criminal proceeding before Judge Karas; (2) a transcript of Defendant's guilty plea on October 29, 2022, before Judge Karas to the three charges described in the indictment; and (3) the judgment Judge Karas entered in the parallel criminal proceeding, dated December 13, 2022.

Theft in violation of 18 U.S.C. § 11028A. The criminal conduct underlying these charges was committed while Defendant was serving the term of supervised release that this Court imposed on March 7, 2014, and it was the foundation for the Specifications (ECF No. 19, at 1-9.) The exhibits also indicated that on November 30, 2022, based on Defendant's guilty plea to the three charges in the indictment, Judge Karas sentenced Defendant to 111 months' imprisonment and a three (3) years' term of supervised release, as well as ordered Defendant to pay restitution and forfeiture, each in the amounts of $876,389.97.

### B. Defendant's Conduct Merited an Above-Guidelines Sentence

The Specifications were each grade B violations and carried Guidelines ranges of 4-10 months' imprisonment, with statutory maximum sentences of two (2) years. (Report, at 3.) However, as the Government noted at the Hearing, the Court could permissibly sentence Defendant pursuant to only one of the violation circumstances in the Specifications. The Government thereby sought a sentence of 10 months' imprisonment that would run consecutively with the sentence that Judge Karas imposed in the parallel criminal case, which was consistent with the recommendation of the probation office that the Court sentence Defendant to a term of imprisonment at the upper end of the Guidelines. Conversely, Defendant sought a sentence that would run concurrently to the sentence Judge Karas imposed, arguing that it was unnecessary for rehabilitation purposes to impose a consecutive sentence due to the significant length of Judge Karas' sentence.

As noted *supra*, the Court sentenced Defendant to twelve (12) months' imprisonment, to be served consecutively with the sentence Judge Karas imposed, as well as to two (2) years' supervised release, to be served concurrently with Judge Karas' sentence of three (3) years' supervised release. This sentence represented a variation of

the Guidelines for the Specifications for which the Court found Defendant guilty by a preponderance of the evidence (i.e., 4-10 months), as it was two (2) months higher than the upper end of the Guidelines (although it was one (1) year less than the statutory maximum of two (2) years).

At the Hearing, the Court provided multiple justifications for the variance, in addition to noting its consideration of the arguments and statements made by the Government, Defendant, and Defendant's counsel. Specifically, the Court noted that Defendant did not show remorse or take responsibility for his violations of supervised release or the criminal conduct underlying them. The Court also emphasized that Defendant had no respect for the Court or its authority, as the fraud Defendant was found to have committed while on supervised release involved hundreds of thousands of dollars. Here, the Court notes that, in such circumstances, the Second Circuit has held that an above-guidelines sentence was appropriate. *See United States v. Legree*, 836 F. App'x 54, 59 (2d Cir. 2020) (in which the Second Circuit court held that an above-guidelines sentence for a violation of supervised release was appropriate where the district court based its sentencing decision on the defendant's violation of the court's trust and his repetition of past criminal behavior despite promises of change); *see also Chandler*, 543 F. App'x at 82 (where the Second Circuit court concluded that a "24–month sentence [for a violation of supervised release] — 10 months above the Guidelines range, but 12 months below the statutory maximum for the particular sentence — was well within the range of permissible decisions" where the district court offered specific details of the defendant's criminal conduct, noted it was violent, and characterized the conduct as "serious business").

**CONCLUSION**

As discussed *supra*, the Court found that Defendant was guilty by a preponderance of the evidence of the Specifications (i.e., wire fraud, health care fraud, and aggravated identity theft), given that he had plead guilty before Judge Karas to the charges on which they were based. The Guidelines for each of these grade B violation circumstances was 4-10 months' imprisonment, with statutory maximums of two (2) years' imprisonment. Thus, because Defendant was found guilty by a preponderance of the evidence of the Specifications, failed to show any remorse or responsibility for his criminal conduct, and demonstrated a clear lack of respect for the Court or its authority, Defendant was sentenced to a period of twelve (12) months imprisonment, to be served consecutively to the 111 months' sentence Judge Karas imposed, as well as to two (2) years' supervised release, to be served concurrently with the three (3) years' supervised release Judge Karas imposed.

Dated:  December 16, 2022               SO ORDERED:
        White Plains, New York

                                                                NELSON S. ROMÁN
                                                           United States District Judge